gument because defendant was not entitled to any deposition at this stage of the proceedings. The only authorization for depositions in criminal proceedings is contained in V.R.Cr.P. 15. Rule 15 is found in Part IV of the rules establishing procedures for "Arraignment and Preparation for Trial." It does not authorize post-trial depositions. Our liberal discovery rules end at conviction, where the interests of the State and defendant become markedly different and the need for finality is great. As the California Supreme Court recently held, "[t]he trial court lacked jurisdiction to order 'free-floating' postjudgment discovery when no criminal proceeding was then pending before it." *People v. Gonzalez*, 51 Cal. 3d 1179, 1256, 800 P.2d 1159, 1203, 275 Cal. Rptr. 729, 733 (1990).

We do not foreclose the possibility that a trial court could order discovery in an exceptional case after a motion for a new trial has been filed and the court has determined that the motion has sufficient merit to warrant an evidentiary hearing. See *Hopkinson v. Shillinger*, 866 F.2d 1185, 1220–21 (10th Cir. 1989); *United States v. Wolfson*, 413 F.2d 804, 808 (2d Cir. 1969). Even if defendant had filed a new trial motion here, her showing would fall short of that required to obtain a new trial on grounds of newly-discovered evidence. See *State v. Miller*, 151 Vt. 337, 338, 560 A.2d 376, 377 (1989). In light of the affidavit of the proposed deponent, defendant has not made a showing that this evidence is newly discovered or that it had any likelihood of changing the result of defendant's trial. We see nothing that would undercut the resolution of the perjury trap issue in defendant's first appeal. See *State v. Wheel*, 155 Vt. at 596 n.5, 587 A.2d at 939 n.5.

*Affirmed.*

## In re William A. HUNTER

[595 A.2d 296]

No. 91-178

August 8, 1991. Pursuant to the recommendation of the Professional Conduct Board filed April 29, 1991, and approval thereof, it is hereby ordered that William A. Hunter, Esq., be publicly reprimanded for violation of DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentations), DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and DR 5-103(B) (advancing or guaranteeing financial assistance to a client). A.O. 9, Rule 8E.

## In re William A. HUNTER

[595 A.2d 296]

No. 91-178

August 8, 1991. Pursuant to the recommendation of the Professional Conduct Board filed April 29, 1991, and approval thereof, it is hereby ordered that William A. Hunter, Esq., be publicly reprimanded for violation of DR 7-108 (communications with jurors). A.O. 9, Rule 8E.

## In re John G. HUTTON

[597 A.2d 796]

No. 91-300